(December 16, 1916.)

## In the Matter of the Application of EVA MARTIN for a Writ of Habeas Corpus.

[161 Pac. 573.]

PARENT AND CHILD — ADOPTION — JURISDICTION OF PROBATE COURT — HABEAS CORPUS PROCEEDINGS.

1. Where by its decree the probate court of Bannock county surrendered the custody of a minor child to its mother, "pending the good conduct and ability to care for said child by its mother," and thereafter the mother removed, with the child, from Bannock to Ada county, the probate court of Bannock county was then without jurisdiction to arbitrarily change or modify its decree theretofore entered and thereby permanently deprive the mother of said minor child, in the absence of notice to the mother of the proceedings to modify such decree, and such action of the probate court of Bannock county was therefore void.

2. Where a child was never legally surrendered to or placed in the custody of the Children's Home Finding and Aid Society, the society never had authority to exercise any control over it or to legally act as its guardian and consent to its adoption.

3. Parents should not be permanently deprived of the custody of their children and the right to act as their legal guardians, even

though the custody of the child must for good reasons be temporarily surrendered, except in strict accordance with law and under circumstances where such deprivation is fully warranted.

4. Under the provisions of sec. 5747, Rev. Codes, either of the parents of a minor child is entitled to the custody and guardianship of such child while competent to perform such duty and not otherwise unsuitable, and the surrender of this legal right, to be effective, must be made in accordance with law and the procedure prescribed therefor.

5. *Held,* that under the facts of this case the writ of *habeas corpus* must issue as prayed for, returnable before the district judge in whose jurisdiction the child now is, in order that the questions relative to the guardianship and custody of said minor child may be determined.

[As to adoption by one person of the children of another, see note in 39 Am. St. 210.]

Application for writ of *habeas corpus.* Writ issued.

S. L. Tipton, for Petitioner.

"Any judge sitting in *habeas corpus* court has a right on the application of a parent to inquire into the propriety of the benevolent institution being required to return the child to the parent, on the grounds that the conditions have changed since judgment of commitment was made." (*Kennedy v. Mara,* 127 Ga. 68, 9 Ann. Cas. 396, 56 S. E. 243.)

"Intemperate parents are deemed to be unfit custodians of their children and the state steps in and cares for and supports them for the time being. It now appears that the parents have reformed and are living honorable lives and are abundantly able to care for their children. It seems self-evident that public policy and every consideration of humanity demanded the restoration of these children to parental control. If the court of chancery can interfere and take the child from the custody of its parents, it can also intervene and restore it to their care in the exercise of the same discretionary power." (*In re Knowack,* 158 N. Y. 482, 53 N. E. 676, 44 L. R. A. 699.)

John F. Nugent and S. E. Blaine, for Relators.

Our law gives our district courts jurisdiction of the care and custody of minor children. (*In re Miller,* 4 Ida. 711, 43 Pac. 870.)

The primary purpose of the act in question and the adoption statutes is to promote the best interest and welfare of the child, and the law should be construed with this end in view. (1 Corpus Juris, 1373; *Boaz v. Swinney,* 79 Kan. 332, 99 Pac. 621; *In re McKeag's Estate,* 141 Cal. 403, 99 Am. St. 80, 74 Pac. 1039; *Leonard v. Honisfager,* 43 Ind. App. 607, 88 N. E. 91.)

The statute on the subject of adoption of children should be liberally construed in favor of the children and their best interest. (*Parsons v. Parsons,* 101 Wis. 76, 70 Am. St. 894, 77 N. W. 147.)

Before this child is given into the care of petitioner, it should be shown whether or not she is a fit and proper person, morally and otherwise, to have its custody, what manner of man the new husband is, his ability to properly support and educate the child, and all other matters that enter into the question as to what is the best interest of the minor.

BUDGE, J.—This is an application for a writ of *habeas corpus* by the mother of Esther Lovejoy, a minor child, now about 3 years old, who, it is alleged in the petition for the writ, is unlawfully restrained of her liberty by Henry and Lilla V. Rogers, husband and wife, of Canyon county, and the Children's Home Finding and Aid Society of Idaho.

It appears from the petition that in the spring of 1915, Fletcher and Eva Lovejoy, then husband and wife, were living together in the city of Pocatello with their family, of which the minor child Esther was a member; that Fletcher Lovejoy failed and neglected to provide his family with the necessaries of life, due to the fact that he was an habitual drunkard. One W. L. Hurlbert, a citizen of Pocatello, in the latter part of March, 1915, filed a petition with the probate court of Bannock county, in which it was alleged that Fletcher

Lovejoy and his wife had failed and neglected to provide for their minor children the necessaries of life and prayed that they be surrendered to the care and custody of the Children's Home Finding and Aid Society of Idaho; whereupon the probate court issued a citation to Fletcher Lovejoy and his wife, wherein they were cited to appear before said court and show cause why said minor children should not be committed to the care and custody of the Children's Home Finding and Aid Society. Eva Lovejoy, mother of the children, appeared before the court, and upon a hearing had upon the allegations of the petition, the court found the allegations to be true, and entered its decree as follows, viz.: "That it is for the best interest of said children that they be removed from the custody and control of Fletcher and Eva Lovejoy and be surrendered to the Children's Home Finding and Aid Society of Idaho," and it was further provided in said decree that the commitment of Esther Lovejoy to the Children's Home Finding and Aid Society be suspended "pending the good conduct and ability to care for said child by its mother."

Thereafter Eva Lovejoy removed with said child to Boise, where she found a home with her parents and the grandparents of her minor child. The child was at no time delivered into the custody of the Children's Home Finding and Aid Society; neither did that society at any time exercise control over the child.

On or about the 14th day of March, 1916, while the child, with the permission of its mother, was temporarily visiting with Henry and Lilla V. Rogers, of Canyon county, the probate judge of Bannock county, without the knowledge or consent of Eva Lovejoy, mother of the child, modified its former decree, wherein the custody of the child was given to its mother, Eva Lovejoy, and committed the child unconditionally to the Children's Home Finding and Aid Society of Idaho.

On or about the 20th day of March, 1916, while the child, with the consent of its mother, was still visiting with Henry and Lilla V. Rogers, they, without the knowledge or consent of its mother, filed their petition for adoption of the minor

child, with the probate court of Canyon county, and thereafter the Children's Home Finding and Aid Society, in writing, consented to the adoption of the minor child, Esther Lovejoy, by Henry and Lilla V. Rogers; and on the same day the probate court of Canyon county entered an order in which it was adjudged and decreed "that the petitioners, Henry and Lilla V. Rogers, adopt the said minor child, Esther Lovejoy, from and after that date, and said Esther Lovejoy be regarded and considered in all respects as the child of Henry and Lilla V. Rogers, his wife, and that said Henry and Lilla V. Rogers and said minor child should thereafter sustain toward each other all legal relations of parent and child, as provided by law."

From the petition it appears that Eva Lovejoy, mother of Esther, was not notified or present at the hearing had before the probate judge of Bannock county, when the latter order was made by that court unconditionally depriving her of the care and custody of her minor child; neither was she present or served with notice of the hearing had before the probate court of Canyon county when that court entered its decree whereby Esther Lovejoy was unconditionally surrendered to the care and custody of Henry and Lilla V. Rogers.

It further appears from the petition that on or about the 15th day of February, 1916, Eva Lovejoy filed her complaint in the district court in and for Ada county, praying for a decree of divorce from Fletcher Lovejoy upon the ground that he was an habitual drunkard and had been guilty of extreme cruelty toward her. In the complaint she also prayed for the custody of their minor child, Esther. Summons was thereupon duly issued and service made on Fletcher Lovejoy on the 8th day of April, 1916, and thereafter a decree of divorce was awarded to Eva Lovejoy, upon the grounds alleged in her complaint. The trial court, in addition to granting the decree of divorce, awarded the custody of the minor child, Esther, to its mother, with the proviso that said minor child had not theretofore been legally adopted.

It also appears that Eva Lovejoy, since the granting of the decree of divorce, has remarried to one Elza Martin. In her

petition, Mrs. Lovejoy, now Martin, alleges that her present husband is financially able to care for, educate and support her minor child, Esther, and that he has consented that the child be brought to their home to reside with them, where she will be under the care and custody of her mother, and that he has fully consented and approves of the present proceeding brought for the purpose of regaining the possession and custody of the minor child, Esther.

The foregoing are substantially the facts as they appear in the petition and are admitted to be true by the answer, but it is contended that, even admitting the allegation to be true, they are insufficient to warrant this court in granting the relief prayed for.

We have carefully considered the briefs and authorities submitted by counsel who appear on behalf of the petitioner, and the briefs and authorities cited by counsel who appear in opposition to the issuance of the writ of *habeas corpus,* and we have reached the conclusion, upon the showing made that it will not be necessary for us at this time to construe the act of the legislature found in the Session Laws of 1909, at page 38 (House Bill No. 267), and the amendment thereto (Sess. Laws 1911, c. 185, p. 614), and, as urged by counsel for the petitioner, to determine the constitutionality of certain provisions of the law conferring power upon probate judges in this state in the matter of the protection of neglected children, and authorizing their commitment to charitable societies, or the power given to such charitable societies under the provisions of the laws of this state to permanently deprive parents of the care and custody of their minor children, in order to determine the validity of the proceedings had touching the matter of the adoption of the child, Esther.

Reverting to the proceedings had before the probate court of Bannock county, and, for the purposes of this hearing, conceding that the proceedings were regular up to and including the order made on or about the month of March, 1915, where by its decree the probate court surrendered the custody of the minor child Esther to its mother "pending the good conduct and ability to care for said child by its mother," it is quite

evident to our minds that after the entry of the foregoing decree and the removal of the mother with the child from Bannock county to Ada county, the probate court of the former county was without jurisdiction to arbitrarily change or modify its decree theretofore entered, and thereby permanently deprive the mother of the custody of her minor child, Esther. This would be particularly true in the absence of notice of the proceedings to modify said decree, given to Eva Lovejoy. Neither Eva Lovejoy nor the minor child was residing in Bannock county at the time the probate judge concluded to unconditionally deprive the mother of her child, and surrender it to the Children's Home Finding and Aid Society of Idaho.

It would be an anomaly for this court to sustain the action of a probate court in a matter of this kind, where it appeared that the mother was not within the jurisdiction of the court and received no notice of the modification of its decree, depriving her of the custody of her minor child, without an opportunity to be heard in her own defense. From the facts appearing in the petition in this case we are able to reach but one conclusion, which is that the action on the part of the probate court of Bannock county was without jurisdiction and absolutely void.

It necessarily follows that if the action of the probate court of Bannock county was void, the Children's Home Finding and Aid Society of Idaho had no authority to consent to the adoption of the child by Henry and Lilla V. Rogers of Canyon county. The child never having been legally surrendered to, or placed in the care and custody of, the Children's Home Finding and Aid Society, that society was clearly without authority to exercise any right or control over it, or to legally act as its guardian and thereby consent to its adoption.

We come now to a consideration of the proceedings had in the probate court of Canyon county. These proceedings, as appears from the petition, were had without the knowledge or consent either of Fletcher Lovejoy or Eva Lovejoy, parents of Esther, and neither consented, in writing or otherwise, to the adoption of their minor child by Henry and Lilla V.

Rogers, or were present at or had notice of the hearing had on or about the 20th day of March, 1916, before the probate judge of Canyon county, where an opportunity should have been given the parents of Esther, or either of them, to appear and answer the petition filed by Henry and Lilla V. Rogers of Canyon county, for the adoption by them of the minor child, Esther.

The matter of primary importance in a proceeding of this character is the future welfare and best interests of the minor child, which, under the facts and circumstances of this case, deserves careful consideration and diligent inquiry.

Parents should not be permanently deprived of the custody of their children and the right to act as their legal guardians, even when, under certain circumstances, the custody of the children must be temporarily surrendered, except in strict accordance with the statutes and under circumstances which fully warrant such drastic action.

Sec. 5747, Rev. Codes, provides that: "Either the father or mother of a minor child, being themselves respectively competent to transact their own business, and not otherwise unsuitable, must be entitled to the guardianship of the minor."

While either of the parents are competent, and not unsuitable, they are absolutely entitled to the guardianship of their minor children, and the surrender of this legal right must be made in accordance with the statutes, and the proceedings therein prescribed.

We have reached the conclusion that upon the showing made in the petition, which is not denied, the writ of *habeas corpus* ought to issue, and it is so ordered.

In view of the fact that the last proceedings had with reference to the adoption of the minor child, Esther, were had in Canyon county, and the validity of such proceedings may be involved in the hearing upon the return to the writ of *habeas corpus,* as well as the question of whether or not Eva Martin is a fit and proper person to have the future care and custody of her minor child, which should, in our judgment, be carefully inquired into, the writ will issue to Henry and Lilla V.

Rogers and the Children's Home Finding and Aid Society of Idaho, directing and commanding them,. and each of them, to have the body of Esther Lovejoy before the Honorable Ed. L. Bryan, District Judge of the seventh judicial district, in and for Canyon county, at a time and place to be by him fixed and specified, not to exceed ten days from the date of the rendition of this decision, at which time said district judge will hear such testimony as may be offered, and which would be material, tending to establish the fitness of Eva Martin to have the future care and custody of her daughter Esther, and if upon such hearing it appears that she is a fit and proper person to have the care and custody of her minor child, and is so situated that she is able to properly maintain, care for, and educate such child, an order shall be made by the district judge in accordance with the views of this court as expressed in the foregoing opinion.

Sullivan, C. J., and Morgan, J., concur.