(February 11, 1922.)

## LEE McCHESNEY, Respondent, v. FRANCIS P. GEIGER, FLORENCE GEIGER and KATHERINE PEAKE, Appellants.

[204 Pac. 658.]

CUSTODY OF CHILDREN—EVIDENCE—FATHER ENTITLED TO CUSTODY OF MINOR CHILD.

    1. Where the father has not forfeited or relinquished his rights over a minor child, and is competent to transact his own business and is not otherwise unsuitable, he is entitled to the custody of such child.

    2. Evidence examined and *held* sufficient to support judgment.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles P. McCarthy, Judge.

Petition for writ of *habeas corpus.* Judgment for petitioner. *Affirmed.*

J. P. Pope, for Appellants.

It is well established in law that the right of a parent to the custody of the child· is not absolute. (20 R. C. L. 597, and cases there cited.)

The welfare of child is of chief importance, and will prevail over any mere preponderance of legal right in one or the other party. (20 R. C. L. 601; *Drumb v. Keen,* 47 Iowa, 435; *Ex parte Davidge,* 72 S. C. 16, 51 S. E. 269; *Chapsky v. Wood,* 26 Kan. 650, 40 Am. Rep. 321; note, 40 Am. Rep. 327.)

Wood & Driscoll, for Respondent.

If the respondent fulfils the requirements of the above statute, he is entitled to the custody of his child, even though another might be more suitable. It is only where the legal right of the respondent to the custody of the child is not clear that the child can be committed to the custody of another on the ground that it will be better cared for by such other. (*Andrino v. Yates,* 12 Ida. 618, 87 Pac. 787; *In re Crocheron's Estate,* 16 Ida. 441, 101 Pac. 741, 33 L. R. A., N. S., 868; *Jain v. Priest,* 30 Ida. 273, 164 Pac. 364; *Martin v. Vincent,* 34 Ida. 432, 201 Pac. 492.)

The right of a parent to the custody, control and society of his child is one of the highest known to the law, and the burden of proof in a case of this kind is entirely on appellants. (*Martin v. Vincent, supra.*)

BUDGE, J.—This proceeding was instituted in the district court of Ada county by Lee McChesney for the recovery of the custody of his daughter, Betty Lee McChesney, from appellants, Mrs. Frances P. Geiger, Florence Geiger and Mrs. Katherine Peake.

From the record it appears that the petitioner married Wilma Geiger, daughter of Mrs. Frances P. Geiger and sister of Florence Geiger and Mrs. Peake, at Boise, on April 17, 1915, and that the child, Betty Lee McChesney, was born at St. Alphonsus Hospital in Boise in March, 1916, and when

about two weeks old was removed to the home of Mrs. Geiger, where she has since remained, and about three weeks later the mother died. Petitioner then took up his residence with Mrs. Geiger's family. In May, 1916, he went to Colorado, returning to Boise in June, 1916, to go to the Mexican border for military service. He returned to Boise December 23, 1916, and has since resided in Weiser, engaged in the tire repairing business. He has visited the child frequently, and up to the time of the filing of the petition had furnished appellants $577.32, of which about $392.42 had been used for the support of the child. Shortly before June 30, 1918, petitioner wrote Mrs. Geiger that he would take the child to Weiser for a short time, and received the reply that they would not permit him to do so. He then came to Boise and called at the Geiger home, and was informed that the child would not be surrendered to him.

The petition in this case was filed, and the writ issued, on September 11, 1918, and appellants filed a return and answer on September 18, 1918. The cause was heard in September, 1918. Counsel for the respective parties waived the filing of findings of fact and conclusions of law. On August 4, 1919, judgment was entered in favor of petitioner, from which this appeal is taken.

Appellants make three assignments of error, viz., that the court erred in rendering judgment in favor of petitioner and against appellants, that the judgment of the court is not supported by the evidence, and that the judgment of the court is contrary to law.

The record shows affirmatively that both the petitioner and the appellants are suitable persons to have the custody of the child; that they are able and willing to take proper care of her; and that the petitioner has never forfeited or relinquished his rights over the child. It is clear, therefore, that the evidence is sufficient to support the judgment.

It is urged by appellants that the right of a parent to the custody of the child is not absolute, that the welfare of the child is of chief importance and will prevail over any mere

preponderance of legal right in one or the other party, and that the age, sex and physical condition of the child is of much importance in determining its custody.

C. S., sec. 7846, provides that: "Either the father or mother of a minor, being themselves respectively competent to transact their own business, and not otherwise unsuitable, must be entitled to the guardianship of the minor."

This court in *Jain v. Priest*, 30 Ida. 273, 164 Pac. 364, held: "It is only where the legal right of the parent to the custody of the child is not clear that the child can be committed to the custody of another on the ground of welfare; if the parent is competent to transact his or her own business, and is not otherwise unsuitable, the custody of the child is not to be given to another even though such other may be a more suitable person."

See, also, *In re Crocheron's Estate*, 16 Ida. 441, 101 Pac. 741, 33 L. R. A., N. S., 868.

The judgment of the district court must be affirmed, in view of sec. 7846, *supra*, and the decisions of this court above referred to, and it is so ordered. No costs are allowed.

Rice, C. J., and Dunn and Lee, JJ., concur.

McCarthy, J., being disqualified, did not sit at the hearing nor take part in this opinion.