(No. 5344. February 27, 1930.)

GUSTAV SCHILLER, Appellant, v. OWEN DOUGLAS, PEARL DOUGLAS and GERTRUDE REYNOLDS, Respondents.

[285 Pac. 1021.]

Rice & Bicknell and Rhodes & Estabrook, for Appellant.

H. M. Haag and Finley Monroe, for Respondents.

LEE, J.—Proceeding in *habeas corpus* brought by petitioner and appellant, Gustav Schiller, to obtain the custody of his two minor children from their maternal grandparents, Owen and Pearl Douglas, defendants and respondents. The defendant, Gertrude Reynolds, disclaimed and is not involved.

At the hearing below, neither party having shown any right of custody based upon formal court order, the sole issue submitted was the alleged unfitness of petitioner. From the evidence adduced the court made findings of fact, and concluded as a matter of law that "the petitioner has not shown himself entitled to the possession of his said children, Robert Schiller and Betty Lou Schiller." There was no finding that petitioner had abandoned his children or

was unfit, the burden to establish which was upon defendants and respondents.

Under the common law prevalent, in the absence of a contrary statute, the father is the natural guardian of his minor child, and as such entitled to its custody. The fact of parentage having been established, it devolved upon defendants to break down petitioner's *prima facie* case by the only method known in this jurisdiction, viz., that of showing a forfeiture of petitioner's right or, at least, that he was an unsuitable person. *In re Martin,* 29 Ida. 716, 161 Pac. 573, *Andrino v. Yates,* 12 Ida. 618, 87 Pac. 787, *Jain v. Priest,* 30 Ida. 273, 288, 164 Pac. 364, 369, saying: "If the parent fulfills the requirements of sec. 5774, he is entitled to the custody of his child, even though another person may be even more suitable to have the custody." The section cited, now C. S., sec. 7864, reads as follows:

"Either the father or mother of a minor, being themselves respectively competent to transact their own business, and not otherwise unsuitable must be entitled to the guardianship of a minor."

And C. S., sec. 4681, provides:

"The father and mother of a legitimate unmarried minor child are equally entitled to its custody, services and earnings. If either the father or mother be dead or be unable or refuse to take the custody or has abandoned his or her family, the other is entitled to the child's custody, services and earnings."

While the best interest of the child is to be considered, that factor is not controlling in a *habeas corpus* proceeding. As was succinctly stated by the supreme court of Georgia:

"In the tableau of *habeas corpus,* the parties are in the foreground and the children in the background: but, in the tableau of guardianship the arrangement is reversed—the child is the principal figure and applicants and caveators are secondary and subordinate." (*Janes v. Cleghorn,* 63 Ga. 335, 339.)

 Nor, under our statutes, are the best interests of the child wholly controlling in matters of guardianship. While it is of paramount importance, it is not the only matter to be considered in determining to whom the custody of the child should be given. As between a father and a grandparent, a mere finding that the appointment of the grandfather is for the best interests of the minor in respect to its temporal, monetary or moral welfare is insufficient to warrant giving the custody of the minor to the grandparent, where by statute it is made the court's duty to appoint the father or mother, if found competent to discharge the duties of guardian. (*Re Campbell's Estate*, 130 Cal. 380, 62 Pac. 613.)

In *Piatt v. Piatt*, 32 Ida. 407, 184 Pac. 470, 472, which was an action for divorce, the trial court awarded the custody of minor children to the grandfather, having found that he was a fit and proper person and that such an award would be for the best interests of the children. Reversing the award the court said:

"In our opinion, this finding of the Court is not sufficient to justify a decree awarding the custody of the children to their grandfather. In addition to this finding, the Court must, before making such an order, also find as a fact, based upon sufficient evidence, that the parents are unfit persons to have the custody and control of the children or, on account of the circumstances surrounding them, they are unable to give proper care, nurture and training to the minor children."

 Where abandonment or forfeiture has not been proven, the unsuitability of the parent must appear. In the case at bar, the court merely found that the grandparents were fit to undertake the custody and control. Nothing was found as to the best interests of the minors; there was no finding that petitioner was unsuitable, only a conclusion that he had not "shown himself" entitled to their possession. This was fatal to respondents.

"The fact of competency or incompetency of the father was, therefore, the controlling question in the case, and,

as there is no finding on the point, the findings must be regarded as insufficient to support the order appealed from.'' (*Re Campbell's Estate, supra; Piatt v. Piatt, supra; Mc-Chesney v. Geiger*, 35 Ida. 69, 204 Pac. 658.)

Judgment reversed, with directions that the writ issue. Costs to appellant.

Givens, C. J., Budge and McNaughton, JJ., and Koelsch, D. J., concur.

Varian, J., was disqualified.