[File No. 199]

IN THE MATTER OF APPLICATION FOR A WRIT OF HABEAS CORPUS IN BEHALF OF RONALD RIXEN

(19 NW2d 863)

Opinion filed October 8, 1945

*J. K. Murray,* for petitioner.

*Nels G. Johnson,* Attorney General, and *P. O. Sathre,* Assistant Attorney General, for respondent.

BURKE, J. This matter came on for hearing upon a writ of habeas corpus issued by this court pursuant to a sufficient application on behalf of Ronald Rixen, a minor, and directed to the Sheriff and Deputy Sheriff of Hettinger County, North Dakota, as respondents. The return to the writ discloses that the respondents have taken Ronald Rixen into custody for the purpose of transporting him to the State Training School in accordance with the requirements of a judgment and commitment issued out of the Juvenile Court of Hettinger County.

The record of the Juvenile Court shows that on August 18, 1945, the Juvenile Commissioner of Hettinger County petitioned the Juvenile Court to make an investigation concerning the custody of Ronald Rixen and his brother, both children under age of 18 years. Upon the same day the Judge of the Juvenile Court ordered a hearing upon the petition and directed that a summons be issued requiring the attendance of interested parties at such hearing. Accordingly both minors· and their father were served with the summons and they appeared in court for the hearing on August 24, 1945, the appointed day. After the hearing and upon the same day, the Juvenile Court made and entered its order as follows:

"The above matter having come on for hearing before the Court on August 24, 1945, and the Court having heard testimony and being fully informed in the premises, it is hereby ordered that said matter be continued for further investigation and the said minors placed on probation during their good behavior until the further order of the court. Now, Therefore it is hereby ordered that the above matter be, and the same is, hereby continued until the further order of the Court."

Thereafter on September 19, 1945, without any further hearing, and without notice either to Ronald Rixen or his father, the Judge of the Juvenile Court made findings of fact, conclusions of law and order for judgment which respectively found

Ronald Rixen to be a delinquent minor, concluded that it would be for the best interest of the said minor and of the State of North Dakota that he be taken from the custody of his father and committed to the State Training School for the period of his minority and ordered judgment for such commitment. Judgment, in conformity with these findings, conclusions and order, was entered on September 20, 1945.

Paragraph four of the Court's findings of fact is as follows:

"That a hearing was had before the Court when said minor promised to discontinue his past conduct, and thereupon was placed on parole during the period of his good behavior; that since said hearing said minor engaged in a fist fight and was convicted in Justice Court at Mott, North Dakota of assault and battery."

There is no question but that the hearing referred to in paragraph four of the findings was the hearing held upon August 24, 1945. Taking the record as a whole, we cannot escape the conclusion that the precipitating factor which induced the Juvenile Court to order the commitment of Ronald Rixen was the reported fist fight and his conviction of assault and battery. And there having been no hearing had or evidence taken subsequent to August 24, 1945, it is clear that the Judge of Juvenile Court based his finding with respect to this fist fight and conviction upon information received by him dehors the record.

In Re Solberg, 52 ND 518, 203 NW 898, we held, that a Juvenile Court was without jurisdiction to deprive a parent of the custody of a minor child except after a hearing held upon due notice. In State v. Schelin, 59 ND 386, 230 NW 9, we were more explicit, stating, "This, of course, means a hearing conducted in accordance with due process of law where the interested parties shall be permitted to hear the evidence against them and given an opportunity to refute it."

The considerations which support this conclusion apply equally to a situation where a decree concerning the custody of a minor child is modified because of events happening subsequent to a prior formal hearing. There, too, the findings of the

court must be based upon evidence taken at a hearing at which all interested parties have had an opportunity to be heard. Re Martin, 29 Idaho 716, 161 P 573.

Since there was no hearing in this proceeding upon the new matter considered by the Juvenile Court in connection with the modification of its order concerning the custody of Ronald Rixen, the judgment committing Ronald Rixen to the State Training School is void for want of jurisdiction.

It is therefore ordered that Ronald Rixen be and he is hereby discharged from custody.

CHRISTIANSON, Ch. J., and NUESSLE, BURR and MORRIS, JJ., concur.