(No. 7225. February 14, 1946.)

VELMA V. BROWN, Respondent, v. ARTHUR E. BROWN, Appellant.

[165 P. (2d) 886.]

W. L. Dunn for appellant.

Chapman and Chapman for respondent.

GIVENS, J.—October 15, 1937, respondent secured a divorce from appellant and was awarded the custody of their two sons respectively aged one and seven, and daughter aged three, and $40.00 per month for their support. Both have remarried; respondent once, and appellant twice, once divorced.

June 9, 1944, appellant sought by modification of the decree, custody of the children and relief from further payments.

June 20, 1944, respondent countered with motions to adjudicate appellant in contempt for delinquency in payments; attorney's fees and expenses in the instant proceedings.

Appropriate responsive orders to both motions were made and a resultant hearing had July 28, 1944.

 Respondent insisted the hearing be confined to the contempt. This course was more or less adhered to, although sufficient evidence germane to both contempt and custodial fitness appears in the record to amply sustain the learned trial Court's modification of the decree holding that neither parent was entitled to the custody of the children, except as to the older boy, now some fifteen years of age who expressed a decided preference to remain with his father, which was so ordered. (Compare Sec. 15-1802

I.C.A.) The custody of the other two children was granted to the maternal grandparents.

 Appellant's contention that the decree adjudicating he was in arrears $1,335 with interest at six percent from December 24, 1940, was unjustified in the absence of a showing by respondent that she had spent or would spend that amount in the proper care of the children, is untenable for two reasons: first, past due installments of support money constitute a final judgment which may not be modified. *Simonton v. Simonton,* 33 Ida. 255 at 263, 193 Pac. 386; *Simpson v. Simpson,* 51 Ida. 99 at 104, 4 P. (2d), 345; *Phillips v. Phillips* (Wash.), 6 P. (2d) 61; *Keck v. Keck* (Calif.), 26 P. (2d) 300 at 302; *Adair v. Superior Court in and for Maricopa County et al.* (Ariz.), 33 P. (2d) 995 at 996, 94 A.L.R. 328; *Cole v. Cole* (Utah) 122 P. (2d) 201; *Openshaw v. Openshaw* (Utah) 144 P. (2d) 528. In the second place, being in default, therefore in contempt, as was appropriately found by the trial Court, until purged of the contempt by payment of past due installments, appellant has no right as the moving party to be heard in connection therewith or as to the modification of future payments under the original decree. *Sauvageau v. Sauvageau,* 59 Ida. 190 at 193, 81 P. (2d) 731.

Appellant without seeking to have the decree modified, either as to payments or custody, surreptitiously sequestered the children and for some time was out of the State and returned and submitted to the further dominion of the Court only under coercion.

His excuse for thus violating the original decree was that respondent was not fit to have the children and was not using the money for the care of the children, and that he was in financial straits.

 Although he consulted with juvenile officers in Twin Falls County with regard to the children's situation, he was not justified in taking the law into his own hands and disregarding the decree of the Court, which has authoritative supervision of minors and their welfare.

Though urging he was unable to pay, appellant remarried twice and had one child by his second wife. The legal as well as the moral obligation in behalf of his children by his first wife remained extant and he was entirely unjustified in his course of action.

Appellant by reason of his failure to purge himself of his contempt by payment or valid excuse, is in no position as the moving party to question the Court's order as to custody. *Sauvageau v. Sauvageau,* supra. The welfare of the children is, however, paramount to, and independent of appellant's situation, and the Court's specific charge. Sec. 31-705 I.C.A.; *Olson v. Olson,* 47 Ida. 374, 276 Pac. 34; *Kirkpatrick v. Kirkpatrick,* 52 Ida. 27, 10 P. (2d) 1057; *Sauvageau v. Sauvageau,* supra; *Cheesbrough v. Jensen,* 62 Ida. 255, 109 P. (2d) 889; *Roosma v. Moots,* 62 Ida. 450 at 458, 112 P. (2d) 1000; *Holden v. Holden,* 63 Ida. 70, 116 P. (2d) 1003.

While we do not disaffirm the order of the learned trial Court in awarding the children to the maternal grandparents, we cannot affirm it because there is not sufficient evidence in the record to comply with the requirements in this regard. The parties expressly refrained from going into this matter:

"Q. You knew on December 24, 1940 that Mr. and Mrs. Smith were fit and proper persons to have the custody of your sons didn't you?

Mr. Stephan: Object to that as being immaterial; the Smiths are not involved in this.

Mr. Chapman: We will withdraw the question if the Court please". ff 272, page 91 of Transcript.

"Mr. Stephan: Now if the Court please, that is all we have to offer so far as the contempt of court feature of the case is concerned. We will have another witness and that will be Mrs. Brown, the present Mrs. Brown with regard to the other phase of the case and particularly directed to the defendant, the qualifications of Mr. Brown now in the home.

The Court: This is in connection with the contempt of court, let's finish the contempt feature first.

Mr. Stephan: On this matter if the Court please, that is all the testimony we have to offer". ff 559, page 187 of the Transcript.

"Mr. Chapman: Now if the Court please, so far as the contempt matters are concerned, that concludes the plaintiff's testimony.

The Court: Yes. * * * * Court will be in recess until notified". ff. 616, page 206 of the Transcript.

Thus no evidence was introduced as such on this feature.

"It is to be noted in this case, also, that although the court found that R. L. Blevins was a fit and proper person to have the care and custody of the children, no evidence whatever is contained in the record upon which the finding was based. Before the court is justified in taking the children from the parents, and awarding them to a third person, not only must it find that the parents are unfit or unable to properly care for the children, but the fitness of the person to whom it is proposed to grant their custody and care must be the subject of inquiry in the action, founded upon proper pleadings, in order that either parent may introduce evidence, if any he has, touching the qualifications, or otherwise, of such person for the execution of his trust. Although parents may be unfit or unable to care for their own children, they may still have an interest in their welfare, and the environment in which they may be placed, and they have a right to be heard before the final award is made. It is their right that the children small be placed in such a home, and surrounded by such influences, that they shall not be unnecessarily estranged from their parents, but, on the contrary, that the parents shall receive all the regard and respect of their children which it is possible for them to obtain under such unfortunate circumstances". *Piatt v. Piatt,* 32 Ida., 407 at 413, 184 Pac. 470.

Followed and approved by *Schiller v. Douglas,* 48 Ida. 803, 285 Pac. 1021.

Other issues raised by appellant are without merit.

The judgment of conviction of contempt and the order modifying the decree of divorce are in all particulars affirmed, except the cause is remanded for the learned trial Court to take evidence as to the fitness and willingness of the maternal grandparents to accept the custody of the girl and younger boy, and make full findings and conclusions. *Cheesbrough v. Jensen,* supra.

Costs are awarded to respondent.

Ailshie, C.J., and Budge, Holden and Miller, JJ., concur.