292 P.2d 96
**Charles C. BELL, Plaintiff-Appellant,**
v.
**Margaret Bell ODIL, Defendant-Appellee,
Mr. and Mrs. J. B. Bell, Respondents-
Appellants.**
No. 5991.

Supreme Court of New Mexico.
Jan. 5, 1956.

Smith & Smith, Clovis, for appellants.

Hartley & Buzzard, Harry L. Patton, Clovis, for appellee.

McGHEE, Justice.

The plaintiff, Charles C. Bell, and the respondents, Mr. and Mrs. J. B. Bell, appeal from order of the District Court of Curry County changing the custody of the minor daughters of the plaintiff and the defendant, Margaret Bell Odil.

The plaintiff, by decree of said court made September 10, 1953, was awarded a divorce from the defendant. At that time plaintiff was a member of the armed forces stationed at Fort Bliss, Texas. Upon his application therefor in the divorce proceedings, the custody of the minor daughters of the parties, Vana Lynn and Dana Lou Bell, was granted to Mr. and Mrs. J. B. Bell, their paternal grandparents, who reside in Clovis, New Mexico.

The defendant was married to one W. A. Odil in Texico, New Mexico, after the entry of the divorce decree and upon the same day. She and her husband have since been absent from this state but have now returned and established a home in Texico.

The paternal grandparents in accordance with the terms of the decree have continuously had the care and custody of the

children, although for a year and a half the children have been allowed to go for a visit one day each week to the home of Mr. and Mrs. O. S. Allred, the maternal grandparents, who reside in Texico, New Mexico. Since her return to Texico the defendant has been with the children at the times of their visits to the maternal grandparents.

The present litigation with respect to the custody of the children began with the motion of the defendant on March 13, 1955, for Order to Show Cause directed to the respondents, Mr. and Mrs. J. B. Bell, to show cause why the custody of the children should not be granted to her, in which she alleged a change of circumstances and conditions since the original decree in that she had remarried and established a permanent residence in Texico.

On the day following the entry of defendant's motion, plaintiff was discharged from the army, and on March 17, 1955, he returned to Clovis to make his home and took up forthwith the work he had formerly done at a store in Clovis.

At a hearing held on the matter before the court on March 23, 1955, the defendant movant, the respondents, and the plaintiff all appeared and testified. There was testimony of other witnesses regarding the home of the defendant and her husband in Texico, their church membership and attendance, the attitude of the defendant in regard to her family obligations, and some evidence of the appearance of the children when with her at the times of their visits to the Allreds. At the close of the case for the defendant, respondents entered a motion to dismiss on the ground that no evidence had been presented by the defendant to overcome the presumption of correctness of the original order of custody. The motion was denied, whereupon the respondents put on their proof as to conditions in the Bell home, the treatment and care of the children, their schooling and religious training.

At the conclusion of the hearing the trial court announced he was giving Mr. J. B. Bell a few days in which time he desired that Mr. Bell contact Mr. Allred, the maternal grandfather, and that they together agree upon the disposition of custody of the children, as the trial court felt they were in the best position to know what was best to do with the children. The trial court stated if some agreement had not been made in a few days, a decision of the court would be announced.

Neither Mr. nor Mrs. Allred participated, appeared or testified at the hearing and neither they, nor anyone for them, moved the court that they be given custody of the children. Nevertheless, the trial court entered its order directing that Mr. and Mrs. Allred have the care and custody of the girls during the next two school years and that during the intervening summer months the custody would be in Mr. and

Mrs. J. B. Bell, all subject to the further order of the court.

The trial court made no findings of fact and none were requested by any of the participants in the hearing. The order, however, did contain this recitation:

"This matter coming on before the Court by motion to modify the decree entered herein, and the Court being advised finds that circumstances and conditions have changed since the decree entered in this cause in that Charles C. Bell, plaintiff, has returned from the Armed Services and is living in the home of the paternal grandparents, Mr. and Mrs. J. B. Bell; and that Margaret Bell Odil, defendant, is now a resident of Curry County, New Mexico."

On this appeal it is argued, among other matters, that the action of the lower court in awarding custody of the children to the Allreds during the period from September 1, 1955, to June 1, 1956, and from September 1, 1956, subject to further order, constituted an abuse of discretion because there was no evidence of the fitness or desire of such persons to have custody of the children, because they were not parties nor before the court, and their fitness to take the children was not in issue at the hearing.

It is admitted by the mother, defendant and movant, that her parents were not parties to the litigation at any stage and that they did not petition the court for custody of the children, but she contends there was some evidence of the fitness of the Allreds to care for the children and points to the testimony of witnesses who stated they had seen the children in Texico at the home of the Allreds, that their mother was always with them and that she kept the children clean and orderly, that she had a solid attitude toward her home life. Also emphasized is the fact that the Bells allowed the children to visit the Allreds regularly and that the Bells did not complain of the treatment of the children while there. On the basis of this it is argued that the mother will really be the one who will be taking care of her children in the Allred home, although she does not reside there, or that in some manner she will be able to supervise their care. In explanation of the trial court's action it is suggested that the mother is really given constructive custody.

But all of these matters still do not amount to any evidence that the Allreds desired the custody of the children, or that they were proper and fit persons to whom custody should be awarded. The mere fact that the Bells allowed the children to visit their other grandparents does not rise to the stature of proof of the fitness of such persons and all of the witnesses who talked about seeing the children in the Allred home were talking about seeing them there

with their *mother* and how *she* treated and cared for them. There is not one shred of testimony throughout the record about how the Allreds treated and cared for the children during such periods, nothing regarding the conditions of their home or their fitness.

We think it **is** true that the pleadings and procedure upon modification of a custody award are, and because of their nature should be, far more elastic than is the case with usual adversary proceedings. The discretion of the court in these matters is far-reaching. § 22–7–6, N.M.S.A., 1953 Compilation. But even so, due and orderly process demand for the children, for their parents, and for those who have formerly had the custody of the children (in this case the paternal grandparents) that there be proof of the desire, fitness and ability of the persons in whom custody is placed and that there shall be opportunity to bring before the court matters in rebuttal of such proof, if any there be. These rights were denied by the order made below. Martinez v. Martinez, 1946, 49 N.M. 405, 165 P.2d 125; Piatt v. Piatt, 1919, 32 Idaho 407, 184 P. 470; Brown v. Brown, 1946, 66 Idaho 625, 165 P.2d 886; accord: Burns v. Burns, 1954, 177 Kan. 116, 276 P.2d 308.

Under the circumstances of this case, because the trial court departed from the matters in issue, we do not believe the failure of the appellants to tender requested findings of fact and conclusions of law forecloses our review.

Under the determination made it is unnecessary to consider other claimed errors. The cause will be remanded to the District Court with instructions to vacate the order which is the subject of this appeal. The appellants will recover from appellee the costs of this appeal. It is so ordered.

LUJAN, SADLER, and KIKER, JJ., concur.

COMPTON, Chief Justice (dissenting).

The heavy burden resting upon a trial judge in child custody cases should not be made more difficult by reversal of its orders, particularly where the interest of grandparents alone is primarily concerned. So far the error complained of is harmless and may be corrected upon motion.

The very New Mexico case cited by the majority in support of the opinion, Martinez v. Martinez, 49 N.M. 405, 165 P.2d 125, 128, refutes the action which it proposes to take here. On the facts, it is a carbon copy, and we there refused to reverse the judgment. Note what Justice Brice said in speaking for the court:

"We would exercise our authority to reverse this case and remand it for a proper trial, notwithstanding the state of the record, but for the fact that the appellant may at any time file an application to reopen the case

if the trial court has erred in the disposition it has made of the child. We are constrained to leave the matter in the hands of the district judge, with full confidence that he will exercise his authority to reopen the cause for further consideration if in his judgment it is for the child's welfare."

I would say something of the sort here and permit the trial court a free hand in correcting its own error. The majority concluding otherwise, I dissent.