343 P.2d 838

**Ruth TUTTLE (now Ruth McMullen), Plaintiff-in-Error,**

v.

**Vernal TUTTLE, Defendant-in-Error.**

No. 6531.

Supreme Court of New Mexico.

Aug. 31, 1959.

Smith & Smith, Fred C. Tharp, Clovis, for plaintiff in error.

Gore & Nieves, Clovis, for defendant in error.

MOISE, Justice.

This action is brought here by writ of error by Ruth Tuttle, now Ruth McMullen, plaintiff in a divorce action below, to review the action of the lower court in modifying the divorce decree so as to deprive her of all custody of her minor children and denying her visitation rights, except with permission of her divorced husband, and then only in his home or that of his brother.

Plaintiff-in-error, hereinafter referred to as "wife", and defendant-in-error, hereinafter referred to as "husband", were married in 1947. Wife had been married before and had two daughters. Two sons, Vernal D. Tuttle, Jr., and Marshall Wayne Tuttle, were born as a result of the marriage of the parties to this action. These boys were eight and five years of age, respectively, in July, 1958, when wife filed suit for divorce on the grounds of incompatibility. An answer was filed by the husband and on September 30, 1958, wife was granted a divorce. The divorce decree provided that

the wife should have the custody of the minor children for the period from August 25 to May 25 the following year and the husband should have their custody from May 25 to August 25 each year. The decree further provided that the husband should pay the wife $100 per month support for the children while she had them. Also, it was provided "that neither party shall remove the children from the State of New Mexico without the written consent of the other party having been first obtained."

On November 20, 1958, husband remarried and on November 24, 1958, wife remarried. The man married by the wife was eight years her junior and she knew him only five weeks when she married him. He was employed by the Department of Agriculture of the United States in its crop inspection work covering a wide area of Texas and New Mexico, and at the time of the marriage was living at Rising Star, Texas. The most convenient place for him to reside and take care of his work would have been Abilene, Texas, and accordingly he and wife were looking for a place to live there. After the marriage of wife to Mr. McMullen she stayed with him during the week, returning to Portales weekends. While away from Portales she left the older of the boys who was in school in the care of a babysitter, along with her two daughters, and on one or two occasions took the younger boy with her on her trips to Texas. Husband knew of this activity on her part having been told by the boys and having talked to wife and younger son at least once on the telephone when they were in Texas.

On December 17, 1958, husband filed a motion setting forth that the wife had removed Marshall Wayne Tuttle from the State of New Mexico, contrary to the terms of the divorce decree, and that she was about to remove Vernal D. Tuttle, Jr., and asked that she be cited for contempt of court. An order to show cause was issued pursuant thereto. On January 9, 1959, the wife filed a motion asking that the divorce decree be modified to permit her to take the two minor children to reside with her in Abilene, Texas, during the period of each year when she had their custody.

A hearing was had on the order to show cause and on the motion of the wife on January 9, 1959, at which time the wife, husband and Mr. McMullen (present husband of wife) testified as to what had transpired in connection with Marshall Wayne Tuttle, and as to the plans of the McMullens. At the close of the hearing the court made no finding on the contempt citation or the motion to permit wife to take the children with her to Texas, but announced that the custody of the boys would be granted exclusively to the husband. The wife, by her counsel, duly objected to this action by the court, pointing out that no questions of change of custody were involved in the issues before the court, and that the court's

actions without notice that change of custody was within the issues was improper and denied the wife opportunity to prepare and to meet such issues.

An order was entered pursuant to the court's announced decision. This order was subsequently amended to give the wife visitation rights "at the sole discretion" of the husband, with the place of visitation limited to the husband's home, or that of his brother. It is this order as amended that is here for review.

Two questions are presented by the briefs. They are (1) did the court err in decreeing a change of custody, without its being sought by the pleadings and without the wife having an opportunity to meet any questions in connection therewith; and (2) did the court err in refusing to modify the decree to permit the wife to remove the children to Texas?

■ This Court has held that modification of a divorce decree is not required except upon a showing of material change of circumstances. Edington v. Edington, 50 N.M. 349, 176 P.2d 915. By the same token, it is upon a showing of such change of circumstances or new facts that it may be done. Quintana v. Quintana, 45 N.M. 429, 115 P.2d 1011; Lord v. Lord, 37 N.M. 24, 16 P.2d 933.

■ That consideration of such change of circumstances may be had only in a proper proceeding wherein full opportunity to all parties to be present and be heard has been decided by this Court in the case of Bell v. Odil, 60 N.M. 404, 292 P.2d 96, 98. This was a case in which custody of minor children was changed from the paternal grandparents to the maternal grandparents. This was done in a proceeding wherein the mother of the children sought a change of custody from the paternal grandparents to herself, alleging that circumstances had changed in that she had remarried and had established a permanent residence. This Court in its decision, stated:

"We think it is true that the pleadings and procedure upon modification of a custody award are, and because of their nature should be, far more elastic than is the case with usual adversary proceedings. The discretion of the court in these matters is far-reaching. § 22–7–6, N.M.S.A., 1953 Compilation. But even so, due and orderly process demand for the children, for their parents, and for those who have formerly had the custody of the children (in this case the paternal grandparents) that there be proof of the desire, fitness and ability of the persons in whom custody is placed and that there shall be opportunity to bring before the court matters in rebuttal of such proof, if any there be. These rights were denied by the order made below. Martinez v. Martinez, 1946, 49 N.M. 405, 165 P.2d 125; Piatt v. Piatt, 1919, 32 Idaho 407, 184

P. 470; Brown v. Brown, 1946, 66 Idaho 625, 165 P.2d 886; accord: Burns v. Burns, 1954, 177 Kan. 116, 276 P.2d 308."

Husband undertakes to distinguish the case of Bell v. Odil, supra, on the grounds that in that case the maternal grandparents were not parties to the case, nor present in court, nor had they expressed a desire for the custody. Although these differences in the facts do exist, we do not see how they in any way require a different rule. The language quoted above applies with as great validity even though the argument is between actual parties to the case who are present in court and have expressed a desire for custody. Bell v. Odil, supra, is determinative of point I in this case in favor of plaintiff in error. This is true even though our statute (§ 22–7–6, N.M.S.A.1953) provides that the court "may modify and change any order in respect to the guardianship, care, custody, maintenance or education of said children, whenever circumstances render such change proper." This provision of the statute does not mean that the court can act without a hearing, after notice to all necessary parties, and after giving them an opportunity to present evidence in connection therewith.

We do not wish to be understood as holding that in the event of an emergency, the court cannot make such orders for temporary care and custody as seem to be indicated, but we do hold that before any parent or other person having legal custody is deprived of the same, or any change made therein, the usual and ordinary procedures must be adhered to. Neither do we wish to be understood as holding that the court is limited in its decision to the conclusions requested by the parties. The principal guide to decision remains as always the welfare and best interests of the children. Smith v. South, 59 N.M. 312, 283 P.2d 1073; Edington v. Edington, supra. However, this shall be determined after a proper and orderly hearing of the issue of custody with all interested parties having a right and opportunity to be present and produce evidence. See, annotation in 16 A.L.R.2d 664.

Since we have determined that the question of change of custody was not properly before the court, and that the order in connection therewith must be reversed, it is not necessary that wife's second point be considered.

The cause is remanded to the district court with instructions to vacate the order complained of, and to proceed in a manner not inconsistent herewith.

It is so ordered.

LUJAN, C. J., and McGHEE, COMPTON, and CARMODY, JJ., concur.