This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38435**

**EMANUELLE THARP a/k/a**
**EMANUELLE T. POWELL a/k/a**
**EMANUELLE T. ROSS,**

　　　　Petitioner-Appellee,

v.

**KEVIN WILLIAMS,**

　　　　Respondent-Appellee,

and

**STATE OF NEW MEXICO ex rel.**
**HUMAN SERVICES DEPARTMENT,**

　　　　Intervenor-Appellee,

and

**VICKI POWELL-WORLEY,**

　　　　Intervenor-Appellant.

**and (consolidated for purpose of opinion)**

**No. A-1-CA-38436**

**EMANUELLE THARP a/k/a,**
**EMANUELLE T. POWELL a/k/a**
**EMANUELLE T. ROSS,**

　　　　Petitioner-Appellee,

v.

**ERIC R. ROSS,**

Respondent-Appellee,

v.

**STATE OF NEW MEXICO ex rel.**
**HUMAN SERVICES DEPARTMENT,**

Intervenor-Appellee,

and

**VICKI POWELL-WORLEY,**

Intervenor-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Mary W. Rosner, District Judge**

Emanuelle Tharp
Alamogordo, NM

Pro Se Petitioner-Appellee

Kevin Williams
Mesa, AZ

Pro Se Respondent-Appellee

Anthony C. Porter
Las Cruces, NM

for Intervenor-Appellee

Eric R. Ross
Lykens, PA

Pro Se Respondent-Appellee

Vicki Powell-Worley
Newport, OR

Pro Se Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}**     In this consolidated opinion,[1] Appellant Elaine Powell-Worley, a self-represented litigant, appeals from the district court's orders revoking her appointment as kinship guardian and granting custody of Appellant's grandchildren to their biological mother. Among other arguments on appeal, Appellant contends that the district court failed to give adequate notice as to the nature of its proceedings and failed to comply with relevant statutory requirements. As to these issues we agree with Appellant, and we, therefore, reverse and remand to the district court for further proceedings consistent with this opinion.

## BACKGROUND

**{2}**     Because this is a memorandum opinion, we only briefly summarize the historical facts and procedural history of this case. *See State v. Gonzales*, 1990-NMCA-040, ¶ 48, 110 N.M. 218, 794 P.2d 361 ("[M]emorandum opinions are not meant to be cited as controlling authority because such opinions are written solely for the benefit of the parties" and "[s]ince the parties know the details of the case, such an opinion does not describe at length the context of the issue decided[.]"). We reserve discussion of specific facts where necessary to our analysis.

**{3}**     Appellant is the grandmother of P.P. and B.P-R. (collectively, Children), who share the same biological mother (Mother) but have different fathers. This appeal arises from the district court's orders resulting from a July 25, 2019, hearing. In those orders (the July 2019 orders), the district court terminated its previous orders in which it had (1) appointed Appellant as kinship guardian of P.P.; and (2) granted joint legal custody of B.P-R to Appellant and B.P-R.'s father and physical custody of B.P-R. to Appellant pending a transition to B.P-R.'s father's physical custody. The July 2019 orders were based on the district court's finding that Mother was fit to parent Children and ordering that they be returned to Mother's custody.[2] Appellant appeals the July 2019 orders.

## DISCUSSION

**{4}**     Appellant makes the following six arguments related to each of the underlying cases: (1) the district court violated Appellant's due process rights when it failed to give Appellant proper notice of the July 25, 2019, hearing; (2) the district court failed to comply with the requirements of the Kinship Guardianship Act (KGA), NMSA 1978, §§ 40-10B-1 to -21 (2001, as amended through 2020), and erroneously revoked Appellant's kinship guardianship of P.P.; (3) the district court improperly considered and relied on ex parte evidence during the July, 25 2019, hearing; (4) the district court was biased in favor of the appointed parenting coordinator; (5) the district court abused its discretion by denying Appellant's motion pertaining to the parenting coordinator; and (6) the alleged errors by the district court resulted in cumulative error. Concluding that the

---

[1]This opinion consolidates two appeals: Case No's. A-1-CA-38435 and A-1-CA-38436. Because these cases stem from the same underlying proceedings, involve the same parties, and raise related issues, we consolidate the cases for decision. *See* Rule 12-317(B) NMRA.

[2]The district court additionally ordered that while Mother would have primary physical custody of B.P-R., Mother and B.P-R.'s father were to share joint legal custody of B.P-R.

first two issues require reversal, we decline to address Appellant's remaining arguments.

## I.      The District Court Erred in Failing to Give Notice of the Issues to Be Decided at the July 25, 2019, Hearing

**{5}**      Appellant argues that the district court decided the merits of B.P-R.'s case (changing custody from Appellant to Mother) and the merits of P.P.'s case (revocation of the kinship guardianship appointment) without giving notice to Appellant that these matters would be heard at the July 25, 2019, hearing.[3] It is undisputed that these matters were *not* noticed for July 25, 2019; instead the *only* matters noticed to be heard on that date were Appellant's motion to replace the parenting coordinator and Appellant's husband's motion to intervene.

**{6}**      As an initial matter, we note that we consider this argument to apply equally to both Children, regardless of the fact that Appellant, at the time of the July 25, 2019, hearing, was not named as B.P-R.'s kinship guardian, as she was for P.P. Rather, on September 14, 2018, the district court granted Appellant's motion to be appointed as B.P-R.'s "temporary emergency kinship guardian." Under Section 40-10B-7, a temporary kinship guardianship remains in effect for 180 days, or until the merits of the case are otherwise decided, whichever comes first. Here, on March 4, 2019, following a status conference that occurred shortly prior to the 180-day-limit of Appellant's temporary kinship guardianship of B.P-R., the district court granted Appellant joint legal custody and sole physical custody of B.P-R., pending a transition plan to Father. Therefore, at the July 25, 2019, hearing, Appellant was no longer the kinship guardian of B.P-R., as Appellant's temporary kinship guardianship had concluded upon entry of the district court's custody transition plan for B.P-R. Although not a kinship guardian, Appellant remained a person who had custody of B.P-R. and was P.P.'s kinship guardian and, therefore, was entitled to notice and the opportunity to present evidence before any change in custody for either of Children. *See Tuttle v. Tuttle*, 1959-NMSC-063, ¶¶ 10-11, 66 N.M. 134, 343 P.2d 838 (clarifying that "before any parent *or other person having legal custody* is deprived of the same, or any change made therein, the usual and ordinary procedures[, such as a hearing, after notice, giving all parties the opportunity to present evidence,] must be adhered to" (emphases added)); *Taylor v. Tittman*, 1995-NMCA-034, ¶¶ 8-9, 14, 120 N.M. 22, 896 P.2d 1171 (explaining that "[f]undamental to the fairness of a judicial proceeding is that the parties receive adequate notice of the issues to be determined by the proceeding[,]" and that while "a court has authority to consider a particular issue[,]" a court may not simply "rule on the

---

3Appellant argues as well that Children's due process rights were violated by the district court's failure to provide adequate notice and that the district court's failure to provide proper notice deprived the district court of subject matter jurisdiction. We consider these arguments to be undeveloped and decline to address them, particularly in light of our reversal on Appellant's primary due process argument. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (explaining that we have no duty to review an argument that is not adequately developed and declining to entertain a cursory argument that included no explanation of the party's argument beyond mere assertions thereof and no facts that would allow the Court to evaluate the claim).

issue without giving the parties notice that it will consider the issue and without providing the parties an opportunity to gather and present their evidence").

**{7}** Our precedent is unambiguous in its requirement that parties be provided notice of the issues to be decided in a given proceeding, as well as an opportunity to gather and present evidence on their behalf. *See Taylor*, 1995-NMCA-034, ¶¶ 8-9, 14. Again, the lack of such notice and opportunity is undisputed in this case, and our own review of the record confirms that the district court failed to adhere to these fundamental requirements. We therefore hold that the district court's failure to provide notice of the issues to be decided at the July 25, 2019, hearing was erroneous and warrants reversal.

## II.   The District Court Erred in Failing to Comply With the KGA

**{8}** Appellant argues that the district court failed to follow the statutory procedures mandated by the KGA in revoking Appellant's appointment as kinship guardian of P.P. and ordering that P.P be returned to Mother's custody.[4] The purpose of the KGA is to establish "procedures and substantive standards for effecting legal relationships between children and adult caretakers who have assumed the day-to-day responsibilities of caring for a child." *Debbie L. v. Galadriel R.*, 2009-NMCA-007, ¶ 4, 145 N.M. 500, 201 P.3d 169. "Kinship guardians possess all of 'the legal rights and duties of a parent except the right to consent to adoption of the child and except for parental rights and duties that the court orders retained by a parent.' " *State ex rel. Children, Youth & Families Dep't v. Djamila B.*, 2015-NMSC-003, ¶ 21, 342 P.3d 698 (quoting § 40-10B-13(A)). In determining whether a court should revoke a kinship guardianship appointment, the KGA provides the following framework:

>    A.   Any person, including a child who has reached his fourteenth birthday, may move for revocation of a guardianship created pursuant to the [KGA]. The person requesting revocation shall attach to the motion a transition plan proposed to facilitate the reintegration of the child into the home of a parent or a new guardian. A transition plan shall take into consideration the child's age, development and any bond with the guardian.
>
>    B.   If the court finds that a preponderance of the evidence proves a change in circumstances and the revocation is in the best interests of the child, it shall grant the motion and:

---

4Unlike Appellant's kinship guardianship of B.P-R., which, as noted above, was explicitly temporary, Appellant's kinship guardianship of P.P. was categorized by the district court as "permanent." The KGA itself does not contemplate "permanent" kinship guardianship appointments per se, but does specifically outline appointment procedures for *temporary* kinship guardianships, leading to the logical conclusion that unless otherwise stated, the KGA refers to kinship guardianships that do not automatically terminate. *See generally* §§ 40-10B-1 to -21; *see also* § 40-10B-7 (detailing the procedures for appointment and termination of temporary kinship guardianships).

(1)     adopt a transition plan proposed by a party or the guardian ad litem;

(2)     propose and adopt its own transition plan; or

(3)     order the parties to develop a transition plan by consensus if they will agree to do so.

Section 40-10(B)-12. Appellant argues that the district court failed to apply and adhere to this procedure, and we agree.

**{9}**     In order to revoke a guardianship, Section 40-10B-12(A) requires a motion that includes a proposed transition plan, and Section 40-10B-12(B) requires the district court to adopt a transition plan if the motion is granted. In this case, there was no such motion made, nor was a transition plan proposed or adopted by the district court. Moreover, because the moving party has the burden to establish that revocation of a kinship guardianship is appropriate, *see Djamila B.*, 2015-NMSC-003, ¶ 23, we question whether it would ever be proper for a district court to move sua sponte to revoke a kinship guardianship. *See Burris-Awalt v. Knowles*, 2010-NMCA-083, ¶¶ 16-19, 148 N.M. 616, 241 P.3d 617 (concluding that the district court's sua sponte appointment of a kinship guardian did not comply with the KGA and warranted reversal); *cf. Tuttle*, 1959-NMSC-063, ¶¶ 10-11 (holding that it was error to sua sponte terminate custody of mother); *Taylor*, 1995-NMCA-034, ¶¶ 8-9, 14 (holding that it was error to terminate joint custody without a motion). We need not decide this matter today, however, given the district court's failures to otherwise follow the requirements of Section 40-10B-12. We therefore hold that the district court's failure to comply with requirements of the KGA was erroneous and warrants reversal.

## III.     Remand

**{10}**     For the foregoing reasons, we reverse the district court's July 2019 orders. Our reversal of the district court in this case, however, "does not necessarily mandate a return of custody to" Appellant. *Thomas-Lott v. Earles*, 2002-NMCA-103, ¶ 13, 132 N.M. 772, 55 P.3d 984. We cannot ignore the fact that Children have now been in Mother's custody for almost two years and it may be in Children's best interests to remain in Mother's care. *See Burris-Awalt*, 2010-NMCA-083, ¶ 20. As a result, the first order of business for the district court on remand is to determine interim custody arrangements for Children, pending further proceedings consistent with this opinion, based on Children's best interests, taking into account all the present circumstances. *See id.* ¶ 21. Given the contested nature of these proceedings, as well as the significant passage of time, the appointment of a guardian ad litem to assist the district court in discharging its duty to adjudicate Children's best interests would be appropriate. *See* Rule 1-053.3(A) NMRA; *see also* § 40-10B-9(A) (providing for the appointment of a guardian ad litem upon a party's motion or solely in the court's discretion).

## CONCLUSION

**{11}** For the reasons stated above, we reverse and remand for further proceedings consistent with this opinion.

**{12}  IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**BRIANA H. ZAMORA, Judge**