383 P.2d 261

**Sally Anne Hildebrand ETTINGER, Plaintiff-Appellant,**

v.

**Robert V. ETTINGER, Defendant-Appellee.**

**No. 7238.**

Supreme Court of New Mexico.

July 1, 1963.

R. F. Deacon Arledge, Albuquerque, for appellant.

Rodey, Dickason, Sloan, Akin & Robb, Joseph J. Mullins, R. Deane Moyer, Albuquerque, for appellee.

CARMODY, Justice.

The question before us on this appeal is whether the trial court abused its discretion in granting a change of custody of a 2½-year-old girl from the mother (who is appellant here) to the father.

The parties were divorced in June 1960, and appellant was awarded the custody of the child, who at that time was less than a year old. In February 1962, the father (appellee here) moved to amend the final decree because of change in conditions, seeking to have the custody awarded to him. After a hearing, the court found that appellant was an unfit mother and that the welfare of the daughter would be "best served by removing her from the en-

**302**

vironment which she would encounter if she were to remain" with appellant, and ordered the custody awarded to appellee.

The principal thrust of appellant's argument, in essence, is that it was a clear abuse of discretion on the part of the trial court in granting the custody of the little girl to the father, absent a finding of *gross immorality* on the part of the mother.

■ Although there seem to be a few cases favoring custody in the mother which contain language such as contended for by appellant (see Oliver v. Oliver, 1958, 217 Md. 222, 140 A.2d 908; Cassell v. Cassell, 1947, 211 Ark. 489, 200 S.W.2d 965) and some states, such as California and Michigan (Cal. Civil Code, § 138; Mich.Comp. Laws 1948, § 722.541), whose statutes announce the preference, all other things being equal, for custody in the mother, the rule observed by most courts is that while great weight should be given to motherhood as a factor in determining what is for the best interests of the child, the child's welfare is the paramount concern. E. g., C——— v. B———, 358 S.W.2d 454 (Mo. App., 1962); McLemore v. McLemore, 346 S.W.2d 722 (Ky., 1961); Meinhardt v. Meinhardt, 1961, 261 Minn. 272, 111 N.W. 2d 782. As a matter of fact, appellant strongly relies upon and quotes at some length from 2 Nelson on Divorce, § 15.09, which commences with the statement:

"It is universally recognized that the mother is the natural custodian of her young. In legal contests for the custody of minor children, the law favors the mother."

Immediately following this language is the qualification:

"If she is a fit and proper person to have the custody of the children, other things being equal, the mother should be given their custody, * * *."

Appellant, in effect, ignores this last quoted language in her contention, and, additionally, completely overlooks the latter part of the section in Nelson, supra, particularly that appearing at page 232, which states:

"However, the rule that a mother should be given preference in awarding the custody of her children is not inflexible, nor is the mother entitled to the custody of a daughter as a matter of law, the welfare of the child being paramount, the preference in favor of the mother of young children being resorted to merely to aid the court to determine what is for the best interests of the children. Under some circumstances the best interests of children will be served by giving their custody to their father * * *, even though the children are of tender age, or girls, * * *."

Our statute relating to custody of children is § 32–1–4, N.M.S.A.1953, which provides as follows:

"The parents of a minor shall have equal powers, rights and duties concerning the minor. The mother shall be as fully entitled as the father to the custody, control and earnings of their minor child or children. In case the father and mother live apart the court may, for good reasons, award the custody and education of their minor child or children to either parent or to some other person."

Under this language, our trial courts are clothed with a wide discretion in determining to which parent the custody of a child shall be awarded. The controlling influence should be, of course, the welfare and best interests of the child. See Bassett v. Bassett, 1952, 56 N.M. 739, 250 P.2d 487; Tuttle v. Tuttle, 1959, 66 N.M. 134, 343 P.2d 838; and Urzua v. Urzua, 1960, 67 N.M. 304, 355 P.2d 123. The same considerations are the basis for modifying a custodial decree, and the court acts as "parens patriae" in revising or changing an order of custody when it appears to be in furtherance of the child's welfare and best interest. Bassett v. Bassett, supra. We concede that, as a general rule, the courts are reluctant to deprive the mother of the custody of a very young child. See Clark v. Clark, 1944, 298 Ky. 18, 181

S.W.2d 397; Richardson v. Richardson, 1951, 72 Idaho 19, 236 P.2d 718; and Hayes v. Hayes, 1956, 134 Colo. 315, 303 P.2d 238. Although no New Mexico case directly in point has been called to our attention, in Albright v. Albright, 1941, 45 N.M. 302, 115 P.2d 59, the court, in its opinion, did quote from the opinion of the trial court in that case, a part of which stated:

" * * * The welfare of the child is a matter [,] of course [,] of primary interest. A child of tender years, such as this one, its normal place is with its mother. * * *"

In the instant case, the trial court found that appellant was "an unfit mother and her continued custody would be harmful to Diana." Such a finding, by the trial judge who saw the parties, observed their demeanor and heard the testimony of the witnesses, is entitled to great weight. No matter if our inclination might have been different from a reading of a cold record, we would not be inclined to substitute our judgment for the facts found by the trial court, based upon substantial evidence. See Bassett v. Bassett, supra. We are satisfied that the trial court could reasonably find as it did, in view of the evidence before it.

In order that there may be no doubt as to our ruling, we refer to one of the clearest expressions of the rule which we believe should be followed, as it appears

in Shrout v. Shrout, 1960, 224 Or. 521, 356 P.2d 935. There, the Supreme Court of Oregon, in an able opinion written by Chief Justice McAllister, overruled that state's prior decisions, which had stated the test to be "conduct so depraved, immoral, and wicked that to permit her child to remain in her [the mother's] custody would be injurious to its [the child's] best interests." The court stated that such a rule was obviously unsound and distorts the relationship of motherhood as a factor in deciding what is best for children. The court then stated:

"We affirm the rule that not every act of indiscretion or immorality should deprive a mother of the custody of her children. In all cases motherhood is a factor to be given great weight in deciding questions of child custody. We only want to make it clear that any moral transgressions of the mother must be considered, together with other relevant factors, in determining what is best for the children. We think that arbitrary rules that exclude immorality as a relevant factor unless it is 'gross', 'depraved', or 'wicked' or unless it has a 'direct bearing', serve only to hamper the trial courts in weighing all of the evidence and in arriving at a decision which will best promote the welfare of the children."

See also Bjorneby v. Bjorneby, 1960, 56 Wash.2d 561, 354 P.2d 384, in which the Supreme Court of Washington stated "the so-called 'tender years doctrine' is not in itself determinative. It is merely one facet of the basic principle that the welfare of the child is controlling. * * *"

It would seem, under the evidence here and the facts found by the trial court, that there was no abuse of discretion.

One other matter which requires some mention is appellant's contention that the trial court should have granted appellant's request after the completion of the trial, to consider psychiatric examinations of both parties as to the question of fitness. It should suffice, as an answer to this assertion, that during the actual hearing on at least two occasions, appellee made a similar request, but appellant, through her counsel, refused at that time to agree to such testing. The motion by appellant came after the decision of the court had been announced and, considering the circumstances, we do not deem the denial of the request an abuse of discretion.

From what has been said, therefore, we conclude that the order granting the change of custody was without error. The judgment will be affirmed. It is so ordered.

NOBLE and MOISE, JJ., concur.