438 P.2d 153

Kathlyn E. FOX, formerly Kathlyn E. Doak,
Plaintiff-Appellant,

v.

Rodney Orville DOAK, Defendant-Appellee.

No. 8516.

Supreme Court of New Mexico.

March 4, 1968.

744.

Walker & Hensley, Portales, for appellant.

Dan B. Buzzard, Clovis, for appellee.

## OPINION

WOOD, Judge, Court of Appeals.

This is a dispute over child custody and child support. The issues are: (1) whether the findings are supported by substantial evidence, (2) whether refused findings should have been made and (3) whether there was an abuse of discretion by the order entered concerning custody and support.

The parties were divorced in 1962. The decree approved an agreement of the parties concerning the custody and support of their two boys, then five and two years old. Neither party has been satisfied with the custody arrangements; each unsuccessfully sought to have them changed. The last attempt prior to this action was in June 1966.

In February 1967, defendant father sought a change in the custody and support arrangements. After a hearing, the trial court modified the custody and support provisions. The changes are substantial. Defendant's custody is increased; he is not required to pay support during the time the boys are in his custody. Plaintiff's custody and the money she is to receive as child support is correspondingly decreased. In addition, the trial court ordered a temporary reduction in the amount of support payments. Plaintiff, the mother appeals.

The trial court has a wide discretion in determining whether a custodial decree should be modified. In making that determination, the controlling influence should be the welfare and best interests of the child. Ettinger v. Ettinger, 72 N.M. 300, 383 P.2d 261 (1963).

*Whether the findings are supported by substantial evidence.*

The findings show the trial court's concern for the best interests of the children. The trial court found that:

(a) The circumstances have changed materially;

(b) Plaintiff had failed to provide a stable environment for rearing the boys;

(c) Defendant had a suitable home for rearing them;

(d) Educational opportunities and benefits are better in defendant's home;

(e) The children would have a better opportunity to develop a stable life in defendant's home;

(f) It was in the best interests of the children that their custody be with defendant during each school term after the current school year.

Plaintiff attacks each of these findings. She admits there is evidence to support

them. Her claim is that the evidence "is lacking in substantiality."

■ What is "substantial evidence"? Tapia v. Panhandle Steel Erectors Co., 78 N.M. 86, 428 P.2d 625 (1967), states:

"Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, * * * and has been defined as evidence of substance which establishes facts from which reasonable inferences may be drawn. * * *"

Plaintiff asserts that for four reasons the admittedly supporting evidence should not be considered as substantial. None of these contentions reach the issue of "substantial evidence." Accordingly, we do not review the evidence.

The four contentions, and our answers, are:

■ (1) Evidence "in support of each finding has almost entirely been contradicted and undermined by other evidence in the record." Admittedly, the evidence is conflicting. On appeal, however, all disputed facts are resolved in favor of the successful party; evidence and inferences to the contrary are disregarded. Tapia v. Panhandle Steel Erectors Co., supra. Disregarding the conflicting evidence, the only evidence left is evidence which supports the findings. An assertion that evidence at trial was conflicting is not an assertion that the supporting evidence is not substantial.

■ (2) "Statements and conclusions reached by defendant and his relatives were admittedly based upon something that the minor children allegedly told them." Some of the testimony which supports the findings was based on statements made by the children and thus hearsay evidence. There was no objection to this testimony. Hearsay evidence received without objection is considered in the same manner as other relevant evidence and has sufficient probative worth to support a finding. Kitts v. Shop Rite Foods, Inc., 64 N.M. 24, 323 P.2d 282 (1958). An assertion that some of the evidence supporting the findings is hearsay evidence is not an assertion that the supporting evidence is not substantial.

(3) At conclusion of the evidence the trial court made some remarks from the bench. According to plaintiff, "it appears that the Court was only impressed by the fact that the parties had heretofore been unable to agree on anything at any time and that he was of the opinion that he might just reverse the situation * * * not basing his decision to reverse on anything other than the fact that the parties could never agree." Plaintiff then sets forth asserted inconsistencies between the trial court's remarks and the findings.

■ Section 21–1–1(52) (B), N.M.S.A. 1953, provides for a written decision of the court. The remarks from the bench were not such a decision. Error cannot be predicated on these remarks. Pack v. Read, 77 N.M. 76, 419 P.2d 453 (1966). The remarks do not raise the question of whether the evidence supporting the findings is substantial.

(4) Evidence on defendant's motion was taken on February 27. Plaintiff rested her case at the conclusion of the evidence. On March 10, plaintiff moved to reopen in order to present additional evidence on two matters concerning which there was some testimony at the February hearing. In denying the motion to reopen, the trial court commented that the issues had been fully litigated and additional evidence would serve no useful purpose. Plaintiff asserts that the trial court could not determine what was best for the children "without all the evidence being presented."

■ The motion to reopen is addressed to the trial court's discretion. Holthoff v. Freudenthal, 22 N.M. 377, 162 P. 173 (1916); Burruss v. B.M.C. Logging Co., 38 N.M. 254, 31 P.2d 263 (1934). Because of the nature of the additional evidence offered, we cannot say denial of the motion was an abuse of discretion. Compare Primus v. City of Hot Springs, 57 N.M. 190, 256 P.2d 1065 (1953); Latta v. Harvey, 67 N.M. 72, 352 P.2d 649 (1960). The denial of a motion to reopen does not reach the question

of whether the evidence which has been introduced and which supports the findings is substantial.

### Whether refused findings should have been made.

█ Most of the refused findings were opposed to or inconsistent with the findings made by the trial court. The findings made are supported by substantial evidence. The trial court could reasonably find as it did. Therefore, the refusal of opposing or inconsistent findings is not error. Hines v. Hines, 64 N.M. 377, 328 P.2d 944 (1958).

█ The other refused findings concerned evidentiary as opposed to ultimate facts. Findings are to consist only of ultimate facts necessary to determine the issues. Goldie v. Yaker, 78 N.M. 485, 432 P.2d 841 (1967). Since these refused findings did not pertain to ultimate facts, it was not error to refuse them.

### Whether there was an abuse of discretion by the order entered.

This issue has two parts: (a) the order temporarily reducing the support payments and (b) the custody order.

█ (a) *The temporary reduction.* Plaintiff contends that the trial court had no factual nor legal basis for this temporary reduction. Thus, she asserts that the modification was an abuse of discretion.

The trial court found that defendant's income had been reduced because of a partial crop failure. The evidence supporting this finding is undisputed.

The legal basis for the temporary reduction is § 22-7-6, N.M.S.A. 1953. This section states that the court "may modify and change any order in respect to the * * care, * * * maintenance or education of said children whenever circumstances render such change proper."

█ (b) *The custody order.* The trial court found that circumstances had changed materially "since the entry of the decree herein." This is not the proper basis for ordering a change of custody in this case. At three prior hearings, a change in custody was denied. The orders denying a change in custody were res judicata on the issue. Kerley v. Kerley, 69 N.M. 291, 366 P.2d 141 (1961). Upon a showing of changed circumstances subsequent to the last order, custodial provisions could be modified. Tuttle v. Tuttle, 66 N.M. 134, 343 P.2d 838 (1959).

At the last prior hearing, in June 1966, the trial court found "there is no reason for changing the child custody arrangements." Since the reason for a change in custody is a material change of circumstances, the previous orders denying a change impliedly found that a material change had not been established. Thus, the finding in this proceeding that the circumstances had changed materially, is based on changes which occurred subsequent to the hearing in June 1966. While the finding, as made, is too broadly worded, the finding necessarily applies to the time subsequent to the last hearing.

Plaintiff contends that the circumstances before the court in the current proceeding do not differ from circumstances present at the prior hearings. Thus, plaintiff asserts the trial court abused its discretion in ordering a change in custody. In support of this contention, she reviews the testimony at the prior hearings and refers to remarks made by the trial court.

█ There is evidence of a change of circumstances since the last prior custodial hearing. On the basis of this evidence the trial court determined that a change in custody was in the best interest of the children. As stated in Ettinger v. Ettinger, supra:

"* * * Such a finding, by the trial judge who saw the parties observed their demeanor and heard the testimony of the witnesses, is entitled to great weight. No matter if our inclination might have been different from a reading of a cold record, we would not be inclined to substitute our judgment for the facts found by the trial court, based upon substantial evidence.

* * * We are satisfied that the trial court could reasonably find as it did, in view of the evidence before it."

The remarks made by the trial court were not carried forward into the findings, conclusions or the order effecting the custodial change. No statement made by the trial judge is of any binding effect except as included in the findings of fact, conclusions of law and judgment. Wray v. Pennington, 62 N.M. 203, 307 P.2d 536 (1956).

 Judicial discretion "is a discretion governed by principle and regular procedure for the accomplishment of the ends of right and justice." Urzua v. Urzua, 67 N. M. 304, 355 P.2d 123 (1960). Here, the trial court temporarily reduced support payments and made custodial changes. In doing so it was governed by the applicable principles of law and followed regular procedure in making its findings of fact. The results were pursuant to judicial discretion; not in its abuse.

The order of the trial court is affirmed.

It is so ordered.

CHAVEZ, C. J., and CARMODY, J., concur.