442 P.2d 570

Marie Elaine KOTROLA, Plaintiff-Appellant,

v.

Joe S. KOTROLA, Defendant-Appellee.

No. 8458.

Supreme Court of New Mexico.

June 17, 1968.

event the children's father, who was on submarine duty, should thereafter be stationed in Albuquerque, a motion for change of custody would be entertained. In 1966, both the mother and father of the children filed motions seeking their custody. Custody was awarded to the father, Joe S. Kotrola, and the plaintiff below, Marie Elaine Kotrola, now Marie Elaine Clum, has appealed.

In this proceeding for change of custody the court found that the mother had remarried; had conducted herself in a proper manner since the 1961 divorce decree; had visited the children several times each week and had them in her home on occasions; had completed a secretarial course; and was employed. The court also found that another child of the mother by a prior marriage who had been awarded to the custody of the mother was raised in the home of the maternal grandmother.

The divorce decree determined that the father was a fit person to have custody of the children and that he was on active submarine duty. In this proceeding the court further found that Joe S. Kotrola had remained on active submarine duty since his divorce; had remarried and maintained a home in Honolulu, Hawaii; and that he had always been a fit person to have the children's custody.

Because of the finding of the appellant-mother's changed circumstances and the fact that she was a proper person to have custody of the children, the appellant argues that the decree awarding custody to the father "is the result of a bias on the part of the court," or to put it differently, that the court abused its discretion in awarding custody to the father rather than to the mother.

McAtee, Marchiondo & Michael, Albuquerque, for plaintiff-appellant.

Botts, Botts & Mauney, Albuquerque, for defendant-appellee.

## OPINION

NOBLE, Justice.

Joe S. Kotrola was granted a decree of divorce from Marie Elaine Kotrola in 1961. Finding the mother unfit to have custody of two minor children, Jeannine Marie, two and one-half years old, and Yvonne Denise, one year old, the court awarded their custody to the maternal grandmother with a provision that in the

■ We, of course, recognize the controlling principle that the best interest of the children is of paramount consideration in determining the custody of minor children, Ettinger v. Ettinger, 72 N.M. 300, 383 P.2d 261; Urzua v. Urzua, 67 N.M. 304, 355 P.2d 123; Tuttle v. Tuttle, 66 N. M. 134, 343 P.2d 838; Bassett v. Bassett,

56 N.M. 739, 250 P.2d 487, and that the same considerations form the basis for modifying a custodial decree. Fox v. Doak, 78 N.M. 743, 438 P.2d 153; Bassett v. Bassett, supra. As in Ettinger v. Ettinger, supra, we likewise agree that generally courts are reluctant to deprive the mother of a very young child. But we there said that the rule of preference in favor of the mother in the case of young children is merely an aid to the court in determining the best interests of the children. The preference in favor of the mother is not inflexible, nor is the mother entitled to the custody of daughters as a matter of law.

■ The trial court is vested with great discretion in awarding the custody of young children and we cannot reverse unless the court's conclusion about the best interests of the children is a manifest abuse of discretion under the evidence in the case. Fox v. Doak, supra; Jones v. Jones, 67 N.M. 415, 356 P.2d 231; Martinez v. Martinez, 49 N.M. 405, 165 P.2d 125.

The only New Mexico cases called to our attention or that we have found holding that a custody determination by the trial court amounted to an abuse of discretion are Bell v. Odil, 60 N.M. 404, 292 P.2d 96; Focks v. Munger, 20 N.M. 335, 149 P. 300, and Tuttle v. Tuttle, supra. Bell v. Odil, supra, is distinguishable upon its facts. Custody was there granted to persons not parties to the action and about whom there was no proof of desire, fitness or ability to care for the children. See also Tuttle v. Tuttle, supra, with facts similar to those in Bell v. Odil, supra. The instant case is distinguishable upon its facts from Focks v. Munger, supra, where the child had been stolen from the natural mother, found to be a fit person, and to whom the child's custody had been awarded.

■ The determination by the trial judge who saw the parties, observed their demeanor and heard the testimony is entitled to great weight. We are satisfied from an examination of the record that the court could reasonably have found and concluded as it did, having in mind the best interests of the children. The record discloses substantial support for the court's findings. We find nothing which convinces us of an abuse of discretion under the evidence. Fox v. Doak, supra.

We, therefore, conclude that the order granting the change of custody was without error. The judgment should be affirmed.

It is so ordered.

MOISE and CARMODY, JJ., concur.