485 P.2d 355

**Amy B. COLE, formerly Amy B. Adler, Plaintiff-Appellant,**

v.

**Scott ADLER, Defendant-Appellee.**

**No. 9152.**

Supreme Court of New Mexico.

April 26, 1971.

Rehearing Denied June 1, 1971.

Grantham, Spann, Sanchez & Rager, Albuquerque, for plaintiff-appellant.

Rodey, Dickason, Sloan, Akin & Robb, James C. Ritchie, L. Lanning Sigler, Albuquerque, for defendant-appellee.

## OPINION

COMPTON, Chief Justice.

Appellant filed this action in Bernalillo County District Court seeking divorce, division of property and custody of the three minor children of the parties. A separation agreement entered into by the parties

was approved by the trial court in the final decree. Custody of the three children of the parties was awarded to appellant in accordance therewith. Thereafter, appellant changed her domicile to California and a supplemental agreement was executed by the parties and approved by the court, whereby custody of the children remained in the appellant in California during the regular school term each year with the appellee to have their custody in New Mexico during the summer months.

In August, 1969, the appellee refused to return the youngest child, Brian Adler, to California and filed a motion to modify the decree to obtain custody of this child. Appellant resisted the motion and upon a hearing, the court modified the prior decree and supplemental agreement and awarded custody of the child to appellee with visitation rights in the appellant. Appellant has appealed from this order.

■ Appellant challenges the sufficiency of the evidence to warrant a finding by the trial court that a change of custody was for the best interest and welfare of the child. We find the evidence to be substantial. Compare State v. Armstrong, 82 N.M. 358, 482 P.2d 61; Samora v. Bradford, 81 N.M. 205, 465 P.2d 88; McCauley v. Ray, 80 N.M. 171, 453 P.2d 192; Tapia v. Panhandle Steel Erectors Company, 78 N.M. 86, 428 P.2d 625. The evidence amply supports the finding of the trial court. The evidence showed that the child had not been able to function properly while in school in California due to various emotional problems precipitated from the environment in which he had been living. These problems were alleviated to a great extent when the boy was with the appellee and had begun attending school in Albuquerque on a regular basis, with special assistance.

■ Trial courts are vested with wide discretion in determining whether a custodial decree should be modified. Kotrola v. Kotrola, 79 N.M. 258, 442 P.2d 570. In making such determination the welfare of the child is the controlling factor. Terry v. Terry, 82 N.M. 113, 476 P.2d 772; Fox v. Doak, 78 N.M. 743, 438 P.2d 153. The evidence shows that the trial court was guided by this criterion in changing custody.

The order of the trial court should be affirmed.

It is so ordered.

TACKETT and McMANUS, JJ., concur.