516 P.2d 687

Tonia Elizabeth GARNER, formerly Tonia Elizabeth Stone, Plaintiff-Appellant,

v.

Gerald Francis STONE, Defendant-Appellee.

No. 9749.

Supreme Court of New Mexico.

Dec. 7, 1973.

Rowley, Hammond, Murphy & Rowley, Richard F. Rowley, II, Clovis, for plaintiff-appellant.

Dan B. Buzzard, Clovis, for defendant-appellee.

## OPINION

MARTINEZ, Justice.

Tonia Elizabeth Stone, now Garner, (appellant) filed suit seeking an absolute divorce from her husband, Gerald Francis Stone (appellee) in the District Court of Curry County. The court, sitting without a jury, on October 30, 1972 entered a decree in favor of appellant and awarded custody of their two-year-old daughter to appellant, pursuant to a child custody and property settlement agreement. Subsequent to this decree on December 12, 1972, appellee filed a motion seeking to modify the original divorce decree on the grounds that circumstances and conditions had changed since entry of the final decree. The District Court of Curry County granted appellee's motion. After findings of fact and conclusions of law were submitted by both parties, the court on February 21, 1973 entered its decision which removed custody of the daughter from appellant and

placed her in the custody of appellee. It is from this decision that appellant makes her appeal.

Appellant has raised four points on appeal which can be condensed and summarized as follows: The district court erred in not exercising judicial discretion based on substantial evidence.

The best interest of the child is the paramount consideration in determining the custody of a minor child. Kotrola v. Kotrola, 79 N.M. 258, 442 P.2d 570 (1968); Ettinger v. Ettinger, 72 N.M. 300, 383 P.2d 261 (1963). This same consideration forms the basis for the modification of a custodial decree. Kotrola v. Kotrola, supra; Fox v. Doak, 78 N.M. 743, 438 P.2d 153 (1968). The rule of preference in favor of the mother in the case of young children is simply an aid to the Court in determining the best interests of the child and, certainly, is not a matter of law. Ettinger v. Ettinger, supra. In addition, the trial court has great discretion in custody matters and reversal will lie only upon the trial court's commission of a manifest abuse of discretion under the evidence of the case, or unless there is no substantial evidence to support the trial court's actions. Stone v. Stone, 79 N.M. 351, 443 P.2d 741 (1968).

The court made the following pertinent findings of fact: since entry of the final decree on October 30, 1972, circumstances affecting custody of the minor child had materially changed; appellee has a suitable home for rearing the child; appellee could offer the child better moral training; appellee has shown devotion and attention to the child; appellant is unstable in her attitude toward the child; the child has not been kept clean by appellant; she has not been trained; appellant has lived with her boy friend in the same place with the child until her marriage to him; appellant was thus immoral.

The custody award depends not only upon the nature of these particular factors, but to an even greater extent upon the context in which these factors appear. In so examining the situation here in-

volved, the determination by the trial judge who saw the parties, observed their demeanor and heard the testimony is entitled to great weight. Kotrola v. Kotrola, supra. We have reviewed the transcript of the proceedings and conclude that there was substantial evidence to show a material change in circumstances. Fox v. Doak, supra.

Judicial discretion has been defined as follows: "Judicial discretion is a discretion which is not arbitrary, vague or fanciful, or controlled by humor or caprice, but is a discretion governed by principle and regular procedure for the accomplishment of the ends of right and justice * * *" Urzua v. Urzua, 67 N.M. 304, 308, 355 P. 2d 123, 125 (1960). Here, the court modified a divorce decree and made custodial changes. In so doing it was governed by the applicable legal principles and followed regular and accepted procedure in making its findings of fact. The result was pursuant to judicial discretion.

Therefore, the decision of the lower court is affirmed.

It is so ordered.

McMANUS, C. J., and STEPHENSON, J., concur.