This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**KATHERINE BALLARD,**

Petitioner-Appellant,

v.                                                    **NO. 33,617**

**TUXIE BALLARD,**

Respondent-Appellee,

and

**STATE OF NEW MEXICO ex rel. HUMAN SERVICES DEPARTMENT, CHILD SUPPORT ENFORCEMENT DIVISION,**

Intervenor-Appellee.

**APPEAL FROM THE DISTRICT COURT OF UNION COUNTY**
**John M. Paternoster, District Judge**

Kalm Law Firm, P.C.
Cory J. Kalm
Thomas L. Kalm
Albuquerque, NM

for Appellant

Tuxie Ballard
Paradise, TX

Pro Se Appellee

Larry Heyeck, Deputy Director of Legal Services
Santa Fe, NM

Hector H. Balderas, Attorney General
Lila Bird, Special Assistant Attorney General
Santa Fe, NM

for Intervenor-Appellee

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}    Petitioner Katherine Ballard appeals the district court's denial of her request for an upward adjustment of Respondent Tuxie Ballard's child support obligation. Petitioner argues the district court erroneously used Schedule B of the child support guidelines set out in NMSA 1978, Section 40-4-11.1(K) (2008) to determine Respondent's current support obligation. Petitioner also appeals the district court's failure to include income from Respondent's "side jobs" in its calculation of Respondent's child support obligation and its order granting Intervenor-Appellee State of New Mexico Human Services Department, Child Support Enforcement Division (HSD)'s motion to intervene. We affirm.

{2}    Petitioner obtained a default judgment against Respondent on March 28, 2011. In addition to dissolving their marriage, the default judgment awarded joint legal

custody of their two children (Children) to both Petitioner and Respondent, but gave Petitioner primary physical custody. The default judgment set out a fairly detailed schedule dividing periods of responsibility for Children over the year between Petitioner and Respondent. It calculated Respondent's child support obligation using Worksheet A of Section 40-4-11.1(K). Under the default judgment, Respondent was obliged to provide Children with health insurance and to pay Petitioner child support in the amount of $771.12 per month.

{3} On December 19, 2012, HSD filed a motion to intervene and a separate motion to modify downward the amount of child support payable by Respondent. Petitioner opposed HSD's motion to modify, arguing instead that the default judgment should be modified to increase Respondent's child support obligation. The district court granted HSD's motion to intervene and designated a special master to conduct a hearing on HSD's motion to modify.

{4} After the hearing, the special master recommended denying both HSD's motion to decrease and Petitioner's motion to increase Respondent's child support obligation. The special master found that no downward modification of support was warranted because: (1) there was no demonstration that the timesharing order was being strictly adhered to by Respondent, such that it would be proper to lower the amount paid to Petitioner; (2) Respondent would not qualify for a presumption of changed

3

circumstances if income from his "side jobs" was considered; and (3) the established monthly support obligation fit a timesharing circumstance somewhere between Worksheets A and B. Because the increase in support would not exceed twenty percent of the current support obligation, no upward modification was recommended by the special master. Petitioner filed objections to the special master's recommendation, which the district court overruled. Petitioner appeals the district court's orders granting HSD's motion to intervene and denying Petitioner's request that the default judgment be modified to increase Respondent's child support obligation.

{5}    In rejecting the competing claims for modification of Respondent's child support obligation, and as part of its application of the child support guidelines set forth separately in Section 40-4-11.1, the district court calculated the amount of time that Children spent with Respondent under the default judgment's custody arrangement. The district court concluded that the default judgment set out a "shared responsibility" custody arrangement, and therefore that Worksheet B (and not Worksheet A, which the default judgment had used) must be used to determine Respondent's current support obligation. The district court then determined Petitioner's and Respondent's monthly incomes, expenditures on health insurance and work-related childcare, and other facts relevant to a calculation of income under the

4

guidelines. It too concluded that Respondent's current guidelines obligation did not exceed his obligation under the default judgment by more than twenty percent, so NMSA 1978, Section 40-4-11.4 (1991), Subsection (A)'s presumption of changed circumstances did not apply. Consequently, no change to Respondent's child support obligation was effectuated.

{6} Petitioner's first argument on appeal is that the district court was precluded by res judicata from reassessing the applicable worksheet because the default judgment itself states that "Worksheet A is appropriately utilized for calculating support." We do not agree. To be sure, New Mexico courts have sometimes used the doctrine of res judicata to reject efforts to relitigate issues decided by a divorce decree. But New Mexico courts have used res judicata in this context only when a party seeks to relitigate factual disputes that were decided in a previous decree, not factual disputes concerning changes *subsequent* to the entry of the most recent decree. *See, e.g.*, *Fox v. Doak*, 1968-NMSC-031, ¶ 12, 78 N.M. 743, 438 P.2d 153 (holding that a modification of child custody order was precluded by res judicata when the underlying finding of changed circumstances was based on facts in existence prior to entry of previous order).

{7} Here, Petitioner argues that it was improper for the district court to recalculate the custody arrangement set out in the default judgment in order to determine whether

Respondent's support obligation had increased by more than twenty percent *after* entry of the default judgment. But as we have noted above, the cases that have applied res judicata in the context of child custody and support have only done so when a party argues changed circumstances based on facts in existence prior to the entry of the most recent decree. Extending res judicata to preclude litigation of facts subsequent to the most recent judgment would be contrary to the plain text of Section 40-4-11.4(A), which provides for modification of a child support obligation "upon a showing of material and substantial changes in circumstances *subsequent to the adjudication of the pre-existing order*." (Emphasis added.) So we instead assess whether the district court's use of Worksheet B in its "application of the child support guidelines" under Section 40-4-11.4(A) was supported by substantial evidence. *See Thompson v. Dehne*, 2009-NMCA-120, ¶ 8, 147 N.M. 283, 220 P.3d 1132 ("The setting of child support is left to the sound discretion of the [district] court as long as that discretion is exercised in accordance with the child support guidelines [and we] review the [district] court's findings of fact to determine if there is substantial evidence to support the determinations.") (internal quotation marks and citations omitted). We conclude that it was.

**{8}** NMSA 1978, Section 40-4-1 (1973) allows either party to a marriage to petition a district court to dissolve the marriage. When the district court enters a final judgment

dissolving the marriage, it "may make such an order for the . . . maintenance . . . of the [parties'] minor children . . . as may seem just and proper." NMSA 1978, § 40-4-7(B)(4) (1997). As stated, maintenance of the parties' minor children is determined by reference to the child support guidelines in Section 40-4-11.1. *See* § 40-4-11.1(A) ("In any action to establish or modify child support, the child support guidelines as set forth in this section shall be applied to determine the child support due and shall be a rebuttable presumption for the amount of such child support."); *see also Leeder v. Leeder*, 1994-NMCA-105, ¶ 6, 118 N.M. 603, 884 P.2d 494 (stating that a court may deviate from the guidelines calculation of child support "only when the children's needs for care, maintenance, and education, in light of the parents' financial resources, justify a departure").

{9}     "The basic child support obligation shall be calculated based on the combined income of both parents and shall be paid by them proportionately pursuant to Subsection K of [Section 40-4-11.1]." Section 40-4-11.1(E). Subsection K of Section 40-4-11.1 provides a "basic child support schedule" that fixes each parent's child support obligation based on the parents' combined income and the number of children they have. This number is then "adjusted" upward or downward using the physical custody arrangement set out in the court's most recent child custody adjudication. Section 40-4-11.1(F).

{10} The physical custody adjustment is made using one of two worksheets set out in Subsection K: Worksheet A or Worksheet B. The applicable worksheet is determined by the type of custody arrangement in effect: if the custody arrangement has the children spending less than thirty-five percent of the time with one parent, then Worksheet A applies; if both parents have the children for more than thirty-five percent of the time, Worksheet B applies. Section 40-4-11.1(D), (F); *see also Erickson v. Erickson*, 1999-NMCA-056, ¶ 3, 127 N.M. 140, 978 P.2d 347.

{11} The district court may modify an existing child support obligation when a parent demonstrates "material and substantial changes in circumstances subsequent to the adjudication of the pre-existing order." Section 40-4-11.4(A). Although Section 40-4-11.4 does not specifically define "material and substantial changes in circumstances[,]" it does provide for a presumption of material and substantial changes in circumstances when "application of the child support guidelines in Section 40-4-11.1 . . . would result in a deviation upward or downward of more than twenty percent of the existing child support obligation and the petition for modification is filed more than one year after the filing of the pre-existing order." Section 40-4-11.4(A).

{12} To reiterate, Petitioner contends that because the default judgment expressly states that Worksheet A applies to determine Respondent's child support obligation,

8

the district court erred by using Worksheet B to determine Respondent's current support obligation and whether Section 40-4-11.4's presumption of changed circumstances applies. But the presumption of changed circumstances is determined by "application of the child support guidelines in Section 40-4-11.1[,]" not application of the Worksheet set out in the divorce decree. Section 40-4-11.4(A). As we have explained, applying the guidelines requires the district court to make a physical custody adjustment, and making the physical custody adjustment requires the district court to determine each parent's periods of responsibility under the existing custody order. *See* NMSA 1978, § 40-4-9.1(F) (1999) ("When joint custody is awarded, the court shall approve a parenting plan for the implementation of the prospective custody arrangement prior to the award of joint custody. The parenting plan shall include a division of a child's time and care into periods of responsibility for each parent.") That is what the district court did in this case, and the fact that the analysis employed by the district court followed a motion to modify a default judgment is of no moment to the district court's application of the applicable statutes.

We conclude that the district court did not err in applying the child support guidelines using Worksheet B.

{13}     Petitioner next argues that the district court should have included Respondent's $400 monthly income from "side jobs" in its determination of whether a presumption

of changed circumstances justified an upward modification of Respondent's support obligation. But as Petitioner acknowledges, the only way that the inclusion of this income in a support calculation would result in a twenty percent increase in Respondent's support obligation would be if the district court used Worksheet A to calculate Respondent's support obligation. Having rejected Petitioner's arguments on this threshold issue, there is no basis to reverse on the second issue Petitioner raises.

{14}     Lastly, Petitioner argues that HSD does not have statutory authority to intervene and seek to modify the child support obligations of a non-custodial parent. But the district court denied HSD's motion to modify Respondent's support obligation, and HSD has not appealed that ruling. Accordingly, there is no basis to consider this argument. *See In re Estate of Heeter*, 1992-NMCA-032, ¶ 23, 113 N.M. 691, 831 P.2d 990 ("On appeal, error will not be corrected if it will not change the result.").

{15}     The district court is affirmed.

{16}     **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

10

_____

**LINDA M. VANZI, Judge**